FILED - USDC -NH
2024 JUN 3 PM 3:23

# [1]FILE ON DEMAND UNDER PENALTY OF LAW

TO; U.S. District Court District of New Hampshire

RE; A true entry in the public records

**"Clerk is to file"** the attached prima facie[2] documents, without judgment, under penalty of law via 18 USC 2076. if a judge or other officer of the court intimidates, threatens, or corruptly persuades clerk to conceal, remove, mutilates, obliterate, or destroy these prima facie documents in violation of 18 USC 1512 the clerk thereby enters into a conspiracy and will punished under the full extent of the law.

The State cannot diminish <u>rights of the people</u>. "The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice." Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate Them." There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights."

The state Constitution, there are provisions, varying slightly in terms, which stipulate that justice shall be administered to all without delay or denial, without sale or prejudice, and that the courts shall always be open to all alike. It has been appropriately said that in a free government the doors of litigation are already wide open and must constantly remain so. The extent of the constitutional provision has been regarded as broader than the original confines of Magna Charta, and such constitutional provision has been held to prohibit the selling of justice not merely by magistrates but by the state itself.[3]

---

[1] 52 L Ed 2d 779 Access to courts § 2, [a], 11 Am. Jur. Constitutional law, §326.
[2] sufficient to establish a fact or raise a presumption unless disproved or rebutted.
[3] 11 Am. Jur. Constitutional Law, §326; Malin v. La Moure County, 27 N.D. 140.

A trial court's certification that an appeal is not taken in good faith is not fatal to a right to appeal in forma pauperis under the federal statute.[4]

Although a trial court's certification that an appeal is not taken in good faith is entitled to weight, it is not conclusive, and an appeal in forma pauperis will be allowed notwithstanding a lack-of-good-faith certification by the trial court, not only where it appears that the certification was itself not in good faith or was without warrant (these being the situations referred to by the Supreme court in Wells v United States (1943) 318 US 257, 87 L ed 746, 63 S Ct 582, discussed in the original annotation at 1 L ed 2d 1968, 1969, 1971, and 1973), but also where it appears that the certification was arbitrary, improper, erroneous, or an abuse of discretion.[5]

Legal evidence is not limited to the oral testimony of witnesses, personally cognizant of the facts, given in open court. Proof may be produced in the form of documentary evidence, such as public records, private writings, books of account, and other documents, ect., or by the introduction of objects and exhibits.[6]

It is withing the power, in fact it is the duty, of the trial judge, where the accused in a criminal case is without counsel and without means to employ counsel, to assign counsel to him and the attorney appointed is bound to render service when required by such an appointment, although there is some authority to the effect that such services cannot be demanded without just compensation[7] a poor relief Statute is to be so construed as not to defeat the benevolent purpose of the statute to grant such relief to eligible needy paupers resident within the state for a prescribed period in preference to those who have resided in the state for less than the prescribed period.[8]

The Rule "stare decisis" has for its object the salutary effect of uniformity, certainty, and stability in the law.[9]

---

[4] 8 L ed 2d 21 forma pauperis § 2,4
[5] 8 L ed 2d 21 § 3, [a]
[6] 20 Am. Jur. Evidence, §4.
[7] Pardee v. Salt Lake County, 39 Utah 482; 5 Am. Jur. Attorneys at law, §33.
[8] People ex rel. Heydenreich v. Lyons, 374 Ill. 557.
[9] 14 Am. Jur. Courts, §60; Hunter v. State, 85 Fla. 91.