UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Naseef Bryan, Jr.

   v.                                        Civil No. 24-cv-162-JL-AJ

U.S. Court of Appeals, First Circuit
Clerk Maria Hamilton

**REPORT AND RECOMMENDATION**

Before the court is plaintiff Naseef Bryan, Jr.'s complaint (Doc. No. 1) filed in forma pauperis, naming the Clerk of Court of the United States Court of Appeals for the First Circuit as the defendant. The matter is before this court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Preliminary Review Standard**

The court may dismiss claims asserted by a plaintiff who is proceeding in forma pauperis, if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2). To determine whether to dismiss for failure to state a claim, the court strips away legal conclusions; takes as true the factual content in the complaint as a whole, and the inferences reasonably drawn from those facts; and considers whether the plaintiff has stated a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91,

102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Mr. Bryan is an immigrant and, he asserts, a lawful permanent resident of the United States.  He is seeking to be naturalized.  Mr. Bryan filed another case in the District of New Hampshire, Bryan v. U.S. Customs and Immigr. Servs., No. 23-cv-341-LM-AJ (D.N.H.) ("Bryan I"), in which he has filed an interlocutory appeal, see Bryan v. U.S. Customs and Immigr. Servs., No. 24-1457 (1st Cir., appeal docketed May 15, 2024) ("Bryan II").  In Bryan I, Mr. Bryan has sued the U.S. Customs and Immigration Service ("USCIS") to compel a ruling on his naturalization application.  He identifies his interlocutory appeal in that matter, Bryan II, as "related" to his claims in this case.

In this action, Mr. Bryan asserts that he "utter[ed] urgency" to the First Circuit, an assertion this court liberally construes as his having told that court in his pleadings that it should expedite his interlocutory appeal, although there is no separately docketed request for expedited consideration in Bryan

2

II, and no order in Bryan II concerning such a request.  Mr. Bryan asserts here that the defendant Clerk and/or the judges of the First Circuit have intentionally delayed the adjudication of his claims in Bryan II and are liable for federal crimes and for violations of the Eleventh Amendment.  He seeks unspecified injunctive relief and criminal prosecutions.

## Discussion

I. Federal Criminal Statutes

Mr. Bryan has claimed that defendants are liable for violations of federal criminal laws.  He cites 18 U.S.C. §§ 241, 242, and 246.  Mr. Bryan does not have standing to seek relief under any federal criminal law:

> [A] private citizen, such as [the plaintiff], lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another. . . .
>
> Further, section 547 of title 28 states, in relevant part, that "[e]xcept as otherwise provided by law, each United States attorney, within his district, shall - (1) prosecute for all offenses against the United States." . . . Thus, [the plaintiff] does not have standing to bring a criminal action in federal court because no statute authorizes him to do so.

Akande v. Doe, No. 12-10742-RWZ, 2012 U.S. Dist. LEXIS 65460, at *3-6, 2012 WL 1658981 (D. Mass. May 10, 2012) (citation omitted).  Accordingly, the district judge should dismiss Mr.

Bryan's claims seeking relief on the basis of alleged violations of federal criminal statutes.

## II. Eleventh Amendment

The plaintiff cites the Eleventh Amendment as a source of law.  The Eleventh Amendment provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

As this case does not implicate any claim against a state, the Eleventh Amendment is not relevant here.  To the extent Mr. Bryan seeks to invoke that amendment to a state a claim against the First Circuit Clerk of Court or any First Circuit judge, the district judge should dismiss that claim.

## III. Absolute Immunity

Absolute immunity protects judges from "civil liability for any normal and routine judicial act," except those taken in the "clear absence of all jurisdiction." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (citation omitted).  Absolute quasi-judicial immunity bars claims for damages against court personnel performing discretionary functions closely related to the judicial process.  See id. at 3.  Such "immunity applies to all

acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction.'" Sindram v. Suda, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (citation omitted). Such immunity operates "where the need for liability in damages is low," given the safeguards built into the judicial process, "and the need for a backstop to judicial immunity [is] high," to avoid the risk that disappointed litigants, unable to sue judges, would "'vent their wrath on clerks, court reporters, and other judicial adjuncts.'" Id. (citations omitted).

A clerk's decisions relating to the docketing and processing of a case and a litigant's requests for expedited consideration implicate critical functions of the clerk's office with respect to the management and maintenance of the court's docket. Those functions are integral to the judicial process. Cf. Ives v. Agastoni, No. CV 15-30153-MAP, 2015 U.S. Dist. LEXIS 173910, at *9, 2015 WL 9647559, at *3 (D. Mass. Dec. 14, 2015) ("accepting filings" and "recording rulings" are judicial functions "regularly performed by judges and clerks within the scope of their jurisdiction"), R&R adopted, 2016 U.S. Dist. LEXIS 1070, 2016 WL 79881 (D. Mass. Jan. 5, 2016). Accordingly, the plaintiff's claims relating to the alleged delays in the

5

processing of his interlocutory appeal fall within the scope of the defendant's quasi-judicial immunity. For that reason, the district judge should dismiss those claims.

## Conclusion

For the foregoing reasons, Mr. Bryan's Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

June 10, 2024

cc: Naseef Bryan, Jr., pro se